**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

LUDWIKOSKI & ASSOCIATES, INC.,

      *Plaintiff,*

vs.

                    Case No. 2:13-CV-2649-EFM-GLR

YETI COOLERS, LLC,

      *Defendant.*

**MEMORANDUM AND ORDER**

Plaintiff Ludwikoski & Associates, Inc. ("Plaintiff") seeks monetary damages against Defendant Yeti Coolers, LLC ("Defendant") for alleged unjust enrichment resulting from a business relationship. This matter is before the Court on Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. 12) and Defendant's Motion for Rule 11 Sanctions (Doc. 16). For the reasons stated below, Defendant's Motion for Sanctions is denied. Plaintiff's Motion for Leave to File a Second Amended Complaint is granted.

## I.      Factual and Procedural Background

Given the nature of this case, the facts are vigorously contested. According to the Amended Complaint, Plaintiff is a sales, marketing, and research corporation that works with businesses like Defendant to increase the business' sales, market share, long-term profitability,

good will, and overall market value.[1]  Defendant is a corporation that, sometime in 2009, decided to enter into the market of manufacturing premium coolers.[2]  At some point thereafter, Plaintiff and Defendant formed a business relationship centered on the manufacture, marketing, and sale of Defendant's products.  The idea was that Plaintiff would assist Defendant in increasing its presence in the premium coolers market.[3]  The actual nature of this business relationship and whether there was an actual contract between the parties is an issue of heavy debate.  In 2012, Defendant was purchased for $47 million by a private equity firm.[4]  In March 2013, Defendant unilaterally terminated its business relationship with Plaintiff.[5]

On December 26, 2013, Plaintiff filed a Complaint in the United States District Court for the District of Kansas against Defendant for unjust enrichment (Doc. 1).  Plaintiff alleged that it conferred an economic benefit upon Defendant over and above the parties' established business relationship that consisted of Plaintiff's training of Defendant's employees on account planning techniques and strategy, as well as the customer base acquired by Plaintiff on Defendant's behalf.  Plaintiff claimed that Defendant continued to reap an economic benefit from these services after the termination of the parties' relationship.

In response, Defendant filed a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), for Plaintiff's alleged failure to state a claim upon which relief could be granted (Doc. 4).  According to Defendant, the parties' business relationship was governed by an

---

[1] Amended Complaint, Doc. 8, p. 2.

[2] Amended Complaint, Doc. 8, p. 3.

[3] Amended Complaint, Doc. 8, pp. 3-5.

[4] Amended Complaint, Doc. 8, p. 4.

[5] Amended Complaint, Doc. 8, p. 4.

express contract which, under Kansas law, prevented Plaintiff from filing suit for unjust enrichment.  In support of its motion, Defendant cited to the fact that, throughout its Complaint, Plaintiff consistently referred to a "contract" between the parties.  Simultaneous to its response to Defendant's Motion (Doc. 7), Plaintiff filed an Amended Complaint (Doc. 8) that sought to clarify the parties' relationship but still contained the phrase "Defendant entered into a contract with a resident of Kansas [Plaintiff] . . . ."[6]  This Court subsequently dismissed Defendant's motion to dismiss as moot.

On March 20, 2014, Plaintiff filed its current Motion for Leave to File a Second Amended Complaint (Doc. 12) to "further clarify the nature of the business relationship between the parties."[7]  Defendant objects on grounds similar to those in its original Motion to Dismiss: given the fact that there was an express contract between the parties, and Plaintiff has admitted as much, Kansas law prohibits Plaintiff from seeking recovery under a theory of unjust enrichment.[8]  Defendant further argues that Plaintiff's attempts to remove the word "contract" from both the original and Amended Complaints are futile and made in bad faith because Plaintiff's "earlier admissions of an express contract remain and defeat [Plaintiff's] sole claim for relief."[9]

In an attempt to further drive home its point, Defendant filed, on April 8, 2014, its current Motion for Sanctions against Plaintiff pursuant to Rule 11 (Doc. 16).  In its motion, Defendant argues that Plaintiff amended its original Complaint solely to make directly contradictory

---

[6] Amended Complaint, Doc. 8, p. 1.

[7] Plaintiff's Motion for Leave, Doc. 12, p. 2.

[8] Defendant's Opposition to Plaintiff's Motion for Leave, Doc. 15.

[9] Defendant's Opposition to Plaintiff's Motion for Leave, Doc. 15, p. 6.

allegations about the nature of the parties' business relationship and did so in bad faith only to avoid dismissal.[10]  In support of its claim, Defendant notes that Plaintiff's Amended Complaint still uses the term "contract."[11]  Defendant requests that this Court dismiss Plaintiff's Amended Complaint, or, in the alternative, judicially establish the existence of a contract between the parties or, at the very least, disallow Plaintiff from opposing Defendant's evidence of a contract.

Because a decision on Plaintiff's Motion for Leave to File a Second Amended Complaint may necessarily turn on the outcome of Defendant's Motion for Sanctions, the Court first discusses Defendant's motion.

## II.      Analysis

**A.      Defendant's Motion for Rule 11 Sanctions**

### 1.      Legal Standard

Rule 11 of the Federal Rules of Civil Procedure provides:

> By presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.[12]

---

[10] Defendant's Motion for Sanctions, Doc. 17.

[11] Defendant's Motion for Sanctions, Doc. 17, p. 7.

[12] FED. R. CIV. P. 11(b).

The Rule goes on to state that "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."[13]

"In deciding whether to impose Rule 11 sanctions, a district court must apply an objective standard; it must determine whether a reasonable and competent attorney would believe in the merit of an argument."[14]  Whether to grant sanctions is within the sound discretion of the court.[15]  "Rule 11 sanctions punish an attorney for filing false or misleading pleadings with the court; it ensures that an attorney abides by his duty as an officer of the court and conducts a reasonable inquiry into any fact alleged or denied."[16]

## 2.    Application

In its motion for sanctions, Defendant alleges that Plaintiff's Amended Complaint is nothing more than a vain attempt to avoid inevitable dismissal.  According to Defendant, Plaintiff's original Complaint made reference to a "contract" between the parties.  However, in its Amended Complaint, Plaintiff allegedly tries to remove all reference to a "contract" in an attempt to set forth a viable claim for unjust enrichment.  Defendant notes, however, that the Amended Complaint still indicates that the parties entered into a contract, thereby solidifying the existence of a contract.  Defendant further alleges that Plaintiff's Amended Complaint and Proposed Second Amended Complaint are simply Plaintiff's bad faith attempts to "undo" the

---

[13] FED. R. CIV. P. 11(c)(1).

[14] *Dodd Ins. Servs, v. Royal Ins. Co.*, 935 F.2d 1152, 1155 (10th Cir. 1991) (citing *White v. General Motors Corp.*, 908 F.2d 675, 680 (10th Cir. 1990)).

[15] *See Coffey v. Health Trust, Inc.*, 1 F.3d 1101, 1104 (10th Cir. 1993) (citations omitted).

[16] *Vehicle Mkt. Research, Inc. v. Mitchell Int'l, Inc.*, 2012 WL 5512340, at *8 (D. Kan. Nov. 14, 2012) (citing *Coffey*, 1 F.3d at 1104).

fact that a contract existed between the parties and, as such, is an action subject to Rule 11 sanctions.  The Court disagrees.

There is no doubt that whether the parties were operating pursuant a contract, express or otherwise, is vigorously contested by both parties.  It is also clear that whether there *is* a contract, express or otherwise, may have implications for Plaintiff's available remedies under Kansas law.  The Court declines to decide, at this early stage of litigation and under the current pending motions, whether a contract existed between the parties.  Furthermore, the Court notes that the tenor of Plaintiff's Complaint and Amended Complaint are the same with or without the word "contract:" Plaintiff alleges that Defendant continues to receive a benefit above and beyond *any* agreement or business relationship between the parties in the form of an established customer base, increased sales, market share, profits, good will, and overall market value.   Under Plaintiff's theory, these benefits are solely the fruit of Plaintiff's efforts and Defendant's retention and use of them constitute unjust enrichment.

Defendant has failed to convince this Court that Plaintiff's action in filing an Amended Complaint that sought to eliminate the use of the word "contract" was anything more than Plaintiff's attempt at clarifying the relationship between the parties as well as the issues presented.  "Rule 11 sanctions are reserved 'for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation . . . .'"[17]  Defendant has not shown that Plaintiff's claim meets any of these criteria.  As such, Defendant's motion for Rule 11 sanctions is denied.

---

[17] *Sprint Nextel Corp. v. Middle Man, Inc.*, 2014 WL 1048638, at *3 (D. Kan. Mar. 19, 2014) (quoting *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988)).

**B.**     **Plaintiff's Motion for Leave to File a Second Amended Complaint**

    **1.**     **Legal Standard**

Under Federal Rule of Civil Procedure 15(a)(2), once a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[18]   Rule 15(a)(2) provides that courts should "freely give leave when justice so requires."[19]   However, a court may refuse to grant leave to amend based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[20]

    **2.**     **Application**

Plaintiff argues that its motion should be granted for the following reasons: (1) it is not prejudicial to Defendant, since no answer has been filed to the First Amended Complaint; and (2) the amendment is not sought in bad faith or for the purpose of delay and is merely Plaintiff's attempt to clarify the nature of the business relationship between the parties.   In response, Defendant alleges that Plaintiff's proposed amendment is futile because it could not survive a motion to dismiss.   In support of this theory, Defendant claims that Plaintiff has already conceded, and continues to admit, that there was an express contract between the parties and that the existence of such a contract prohibits Plaintiff's recovery under a theory of unjust enrichment.   Defendant also argues that Plaintiff's motion should be denied as being made in bad

---

[18] FED. R. CIV. P. 15(a)(2).

[19] FED. R. CIV. P. 15(a)(2).

[20] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

faith because it is Plaintiff's way of backpedaling from an admission that is fatal to its sole claim of unjust enrichment.  Some background on the claim of unjust enrichment is helpful.

Unjust enrichment, also referred to as quantum meruit, "lies in a promise implied in law that one will restore to the person entitled thereto that which in equity and good conscience belongs to him."[21]  "Unjust enrichment creates, on the basis of equity and justice, a quasi-contract, which is used to enforce noncontractual duties."[22]  To succeed on a claim for unjust enrichment, a plaintiff must show "(1) a benefit has been conferred upon the defendant, (2) the defendant retains the benefit, and (3) under the circumstances, the defendant's retention of the benefit is unjust."[23]  "Kansas law is clear that quasi-contractual remedies, such as unjust enrichment, 'are not to be created when an enforceable express contract regulates the relations of the parties with respect to the disputed issue.'"[24]

### a.     Futility

"A court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or if it fails to state a claim upon which relief may be granted."[25]  "In order to determine whether a proposed amendment is futile, the court must analyze the

---

[21] *Boardwalk Apts., L.C. v. State Auto Prop. & Cas. Ins. Co.*, 2014 WL 1308862, at *27 (D. Kan. Mar. 28, 2014) (quoting *Peterson v. Midland Nat'l Bank*, 242 Kan. 266, 747 P.2d 159, 166 (Kan. 1987)).

[22] *Id.*

[23] *Id.* (quoting *Estate of Draper v. Bank of Am., N.A.*, 288 Kan. 510, 205 P.2d 698, 706 (Kan. 2009)).

[24] *Id.* (quoting *Britvic Soft Drinks, Ltd. v. ACSIS Techs., Inc.*, 2004 WL 1900584, at *2 (D. Kan. June 8, 2004)).  Courts applying Kansas law have also held that unjust enrichment is not an available remedy when a valid *written* contract exists. *See Boardwalk Apts*, 2014 WL 1308862, at *27 (citing *Fusion, Inc. v. Neb. Aluminum Castings, Inc.*, 934 F. Supp. 1270, 1275 (D. Kan. 1996)).  However, neither party argues that a written contract exists here.

[25] *SOFCO, LLC v. Nat'l Bank of Kan. City*, 2009 WL 3053746, at *19 (D. Kan. Sept. 18, 2009) (citing *Collins v. Wal-Mart, Inc.*, 245 F.R.D. 503, 507 (D. Kan. 2007)).

proposed amendment as if it were before the court on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)."[26]

Under Rule 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[27]  Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[28]  A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[29]  The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of the claims as well as the grounds upon which each claim rests.[30]  Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint but need not afford such a presumption to legal conclusions.[31]  Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[32]  If the allegations in the complaint are "so general that they

---

[26] *Id.*

[27] FED. R. CIV. P. 12(b)(6).

[28] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009).

[29] *Iqbal*, 566 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[30] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (internal citations omitted); *see also* FED. R. CIV. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief.").

[31] *Iqbal*, 556 U.S. at 678-79.

[32] *See id.* at 678. ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.").

encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[33]

Defendant alleges that by Plaintiff using the word "contract" in its original Complaint, its Amended Complaint, and its Motion for Leave to File a Second Amended Complaint, Plaintiff has admitted the existence of at least an express oral contract and, under Kansas law, the presence of an express contract prohibits recovery under a claim of unjust enrichment. Plaintiff acknowledges this Kansas law, but claims that there was no contract or, in the alternative, there was no *written* contract. Defendant responds that an express contract can be either written *or* oral.[34]  Based on this Court's review of the relevant case law, it appears Defendant is correct: under Kansas law, "[a]n express contract can be either written or oral, and exists whenever there is a mutual meeting of the minds upon any contractual provision."[35]

The issue remains, however, whether Plaintiff's heavy use of the word "contract" in its original Complaint and its one-time use of the word in the Amended Complaint is enough to establish the existence of at least an oral contract. This is an issue that Plaintiff strongly contests.[36]  "The issue in resolving a motion to amend, when futility of amendment is argued, is not whether the plaintiff will ultimately prevail, 'but whether the claimant is entitled to offer evidence to support the claims.'"[37]  Here, it is certainly *plausible* that Plaintiff could offer

---

[33] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

[34] Defendant's Opposition to Plaintiff's Motion for Leave, Doc. 15, p. 5.

[35] *Scott v. Raudin McCormick, Inc.*, 2009 WL 3561301, at *14 (citing *Land v. Midwest Office Tech., Inc.*, 114 F. Supp. 2d 1121, 1146 n.7 (D. Kan. 2007)).

[36] Plaintiff's Motion for Leave to File, Doc. 12, p. 2.

[37] *Wolfson v. Nutt*, 2009 WL 2210096, at *4 (D. Kan. July 24, 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)).

-10-

evidence to support its claim that there was not a contract, of any form, between the parties. The determination of this issue is the crux of Plaintiff's claim (and Defendant's defense): the establishment of a contract may preclude Plaintiff from seeking redress based on unjust enrichment. Therefore, the Court declines to find that granting Plaintiff leave to amend would be futile.

### b.   Bad Faith

Nor does the Court believe that Plaintiff's motion is made in bad faith. Contrary to Defendant's assertion, the Tenth Circuit has not explicitly held that bad faith may be inferred "when a plaintiff seeks to amend its Complaint to make allegations that *directly contradict* the allegations made in the original pleading solely to circumvent a defense raised in a Rule 12(b) motion."[38] There is no evidence in the record that convinces this Court that Plaintiff is trying to do anything other than clarify, at least from its perspective, the business relationship between the parties and the issue in question. Therefore, Plaintiff's Motion for Leave to File a Second Amended Complaint is granted.

---

[38] Defendant's Opposition to Plaintiff's Motion for Leave, Doc. 15, p. 5. Defendant cites the unpublished case *Ayon v. Gourley* (1999 WL 516088 (10th Cir. June 25, 1999)) in support of this proposition. In *Ayon*, the plaintiff filed suit against the Roman Catholic Archdiocese and one of its priests, among others, for alleged sexual abuse. *Ayon*, 1999 WL 516088, at *1. At some point after his initial filing, in response to the defendants' motion for summary judgment based on an expired statute of limitations, the plaintiff sought to amend his complaint to include a more recent instance of alleged abuse. *Id*. at *2. The district court refused to allow the plaintiff to make such factual changes and ruled that it would treat the facts alleged in the original complaint as "judicial admissions." *Id*. The plaintiff did not object to this treatment. *Id*. On appeal, the Tenth Circuit upheld the district court's treatment of the plaintiff's attempt to include additional factual allegations only because the plaintiff failed to object to this treatment and had therefore waived this particular argument on appeal. *Id*. at *4.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 12) is hereby **GRANTED**.   Defendant's Motion for Sanctions (Doc. 16) is hereby **DENIED**.

**IT IS SO ORDERED**.

Dated this 31st day of July, 2014.


ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE